UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DIANE FAIR, *AS ADMINISTRATOR OF THE ESTATE OF JEREL FAIR, DECEASED, AND DIANE FAIR, INDIVIDUALLY,*

Plaintiff,

v.

UNITED STATES OF AMERICA and
U.S. DEPARTMENT OF VETERAN AFFAIRS,

Defendants.

**MEMORANDUM & ORDER**
12-CV-6062 (MKB)

---

MARGO K. BRODIE, United States District Judge:

Plaintiff Diane Fair filed the above-captioned action against Defendants United States of America and the United States Department of Veteran Affairs for violation of the Federal Tort Claims Act ("FTCA"), alleging damages for wrongful death and conscious pain and suffering of Plaintiff's decedent in connection with medical treatment rendered by the Department of Veteran Affairs. In December 2013, the parties entered into a settlement agreement awarding Plaintiff $350,000.00. (Pl. Mot. for Att'ys. Fees (Docket Entry No. 13).) Plaintiff subsequently moved for attorneys' fees and costs. (Pl. Mot. for Att'ys. Fees; Att'y. Aff. (Docket Entry No. 16); Supplemental Aff. (Docket Entry No 17).) Defendants have not opposed Plaintiff's motion and, according to Plaintiff, Defendants "take no position" on Plaintiff's application for attorneys' fees and costs. (Letter dated Dec. 23, 2013 (Docket Entry No. 14).) Having reviewed Plaintiff's application, for the reasons set forth below, the Court awards Plaintiff $87,396.60 in attorneys' fees and $413.59 in costs.

**I. Background**

Plaintiff seeks a total of $88,747.69 in attorneys' fees and costs. (Att'y. Aff. 3.)[1] Plaintiff seeks $1,663.59 for costs and expenses which include $1,250 for Surrogate's Court fees,[2] $11.25 for medical records, $350 for federal court fees and $52.34 for service of process. (*Id.* at 2.)

Under the retainer agreement between Plaintiff and her attorney, attorneys' fees are paid on a contingency basis and are calculated based on a percentage of Plaintiff's successful recovery in this action. (Supplemental Aff. at 1.) Plaintiff's counsel acknowledges however, that attorneys' fees in a FTCA action cannot exceed 25 percent of the amount recovered after deductions for costs and expenses. (Att'y. Aff. at 3.) As the fees under the retainer agreement would otherwise exceed the amount allowed under the FTCA, Plaintiff's counsel requests the full amount allowed under the FTCA — 25 percent of $348,336.41, the amount recovered ($350,000) less the claimed costs ($1,663.59). (*Id.*)

**II. Discussion**

    **a. Standard of Review**

Rule 83.2(b)(2) of the Local Civil Rules for the Southern and Eastern District Courts of New York grants the Court authority to review and approve attorneys' fee in settlements of

---

[1] The Court notes that there is some inconsistency in the amount requested. In Plaintiff's initial request for costs and fees, counsel requested a total of $88,312.69. (Pl. Mot. for Att'ys. Fees at ECF 1.) In the Attorney Affidavit submitted in further support of Plaintiff's motion, Plaintiff requested a total of $88,747.69. (Att'y. Aff. 3.) It appears that this inconsistency is due to a discrepancy between the costs requested in Plaintiff's first and second requests. (*Compare* Pl. Mot. for Att'ys. Fees (requesting $1,083.59 in costs), *with* Att'y. Aff. (requesting $1,663.59 in costs).)

[2] Plaintiff states that the Surrogate Court fees are based upon the recovery of $350,000.00. (Att'y. Aff. at 2.)

wrongful death actions and actions for conscious pain and suffering of the decedent. Local Civ. R. 83.2(b)(2). Such approval must be "in accordance with the provisions of the New York State statutes and rules." *Id.* Under New York law, in a wrongful death action a "court shall, after inquiry into the merits of the action and the amount of damages proposed as a compromise either disapprove the application or approve in writing a compromise for such amount as it shall determine to be adequate including approval of attorneys' fees and other payable expenses." N.Y. E.P.T.L. 5-4.6(a). In determining whether to grant approval, the court must determine whether the requested amount is fair and reasonable. *Pollicina v. Misericordia Hosp. Med. Ctr.*, 82 N.Y.2d 332, 338 (1993); *Hylton v. N.Y. Methodist Hosp.*, No. 08-CV-3965, 2010 WL 1688531, at *1 (E.D.N.Y. Mar. 30, 2010), *report and recommendation adopted*, No. 08-CV-3965, 2010 WL 1688511 (E.D.N.Y. Apr. 27, 2010).

b. Costs

The Court finds Plaintiff's request for reimbursement of $11.25 for medical records, $350 for federal court fees, and $52.34 for service of process to be reasonable. *See Friedman v. Sharinn & Lipshie, P.C.*, No. 12-CV-3452, 2013 WL 1873302, at *12 (E.D.N.Y. Mar. 28, 2013) (awarding $436.24 in costs for filing fees, service of process fees, photocopying, postage, and facsimles); *see also Cordero v. The Collection Co., Inc.*, No. 10-CV-5960, 2012 WL 1118210, at *3 (E.D.N.Y. Apr. 3, 2012) (awarding $410.00 for filing and service of process fees). The Court grants these costs totaling $413.59. However, the Court denies Plaintiff's request for reimbursement of $1,250.00 for Surrogate Court fees. Counsel has not sufficiently explained

why this Court should award the cost for a surrogate court proceeding from the settlement funds of the case filed in this Court.[3]

### c. Attorneys' Fees

Section 474-a of the Judiciary Law restricts an attorney's contingent fee in a medical malpractice action to "30 percent of the first $250,000 of the sum recovered; 25 percent of the next $250,000 of the sum recovered; 20 percent of the next $500,000 of the sum recovered; 15 percent of the next $250,000 of the sum recovered; and 10 percent of any amount over $1,250,000 of the sum recovered." N.Y. Judiciary Law § 474-a. The fee "shall be computed on the net sum recovered after deducting from the amount recovered expenses and disbursements for expert testimony and investigative or other services properly chargeable to the enforcement of the claim or prosecution of the action." *Id.*

Attorneys' fees for claims arising under the FTCA, such as those alleged in this action, are further regulated pursuant to 28 U.S.C. § 2678. Section 2678 states that "[n]o attorney shall charge, demand, receive, or collect for services rendered, fees in excess of 25 per centum of any judgment rendered pursuant to section 1346(b) of this title or any settlement made pursuant to section 2677 of this title, or in excess of 20 per centum of any award, compromise, or settlement made pursuant to section 2672 of this title." 28 U.S.C. § 2678. As Plaintiff's claim arises under

---

[3] The Court notes that Plaintiff has failed to provide any evidence of the alleged cost. In support of his application Plaintiff states that he "submitted an Application for Administration Proceedings" to the Surrogate Court and "the Surrogate Court issued Letters of Limited Administration appointing Plaintiff as Administrator." (Att'y. Aff. at 1–2.) Plaintiff further states that the fees imposed by the Surrogate Court were "[b]ased upon a recovery [for the estate] of $350,000.00." (*Id*. at 2). Under Section 2402(2) of the Surrogate Court Procedure Act, the filing fee for commencing a proceeding for administration in intestacy is based "upon the gross estate passing by intestacy as stated in the petition." S.C.P.A. § 2402(2). The filing fee rate applicable to an estate or subject matter valued at "$250,000 but under $500,000" is $625.00. *Id*. at § 2402 (7).

4

Section 2677 of the FTCA, (*see* Stipulation and Order of Dismissal with Prejudice (Docket Entry No. 12)), the attorneys' fees in this action cannot exceed 25 percent of the settlement proceeds after deductions for costs and expenses.

In light of Plaintiff's retainer agreement providing for contingent attorneys' fees and pursuant to the statutory limitations under the FTCA and Section 474-a of the Judiciary Law, the Court approves attorneys' fees in the amount of $87,396.60. This amount represents 25 percent of the settlement amount after a deduction of $413.59 for reasonable costs ($349,586.41).

### III. Conclusion

For the foregoing reasons, the Court approves attorneys' fees in the amount of $87,396.60 and costs in the amount of $413.59.

SO ORDERED.

    s/MKB
MARGO K. BRODIE
United States District Judge

Dated: June 23, 2014
       Brooklyn, New York